UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

MARC J.[1],

        Plaintiff,

v.                                          1:21-CV-70 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

———————————————————

## DECISION AND ORDER

Plaintiff Marc J. brought this action under 42 U.S.C. § 405(g) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 6. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 7, 8. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("SSD") filed on January 28, 2019.[2] Tr.151.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 28-61. Following the hearing, ALJ Joani Sedaca issued a decision finding that Plaintiff was not disabled. Tr. 9-27. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSD benefits. To receive SSD, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022).

[3] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 4 are hereby denoted "Tr. ___."

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. *Id.* § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age,

education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements through December 31, 2024, and that he had not engaged in substantial gainful activity since his alleged onset date of December 30, 2018. Tr. 14. The ALJ found that Plaintiff suffered from the following severe impairments: left sided Meniere's disease, neuro-cardiogenic syncope, tinnitus, left ear sensorineural hearing loss, degenerative disc disease of the lumbar spine, headaches, and obesity. *Id.* The ALJ concluded that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 16.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following limitations:

> [Plaintiff] cannot work around hazards including unprotected heights and large moving machinery. He cannot work in loud noises or vibrations. He can perform work involving occasional talking and hearing. He would need a sit and/or stand option at will.

Tr. 16.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 20. The ALJ concluded that based on Plaintiff's age, education, work experience, and RFC there were a significant number of jobs in the national economy that he could perform. *Id.* The ALJ concluded that Plaintiff had not been under a disability since December 30, 2018. Tr. 21.

## II. Plaintiff's Argument

Plaintiff argues that the ALJ erred in determining the RFC because she "failed to tether her highly-specific RFC to the evidence of record." Dkt. No. 6 at 12. Plaintiff asserts, "the ALJ discredited nearly every medical opinion of record to an extent." *Id.* at 13. Plaintiff also makes the conclusory argument that the ALJ erred in crediting the findings of the consultative examiner over the findings of Plaintiff's treating provider. *Id.* at 17.

## III. Analysis

In general, a plaintiff's RFC is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ. *Id.* § 404.1545(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record."), *see id.* § 404.1546(c) ("the administrative law judge or the administrative appeals judge at the Appeals Council . . . is responsible for assessing your residual functional capacity"). Additionally, the regulations direct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any

6

medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." *Id.* § 404.1520c.

An ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion. The Second Circuit has held that "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022); *see Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted) (where "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required"); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Therefore, Plaintiff's general assertion that the ALJ's RFC is the product of legal error because it is not tethered to a medical opinion, fails.

The ALJ's RFC determination was supported by substantial evidence in the record, including medical source opinions. Contrary to Plaintiff's assertion, the ALJ did not discredit "nearly every medical opinion of record." Dkt. No. 6 at 13. Here, the ALJ found the opinions of the consultative sources to be "generally persuasive." Tr. 19. Indeed, the ALJ's RFC determination encompassed all the limitations provided by the sources and included additional limitations based on other evidence

in the record. Remand is generally not warranted where the ALJ's RFC finding is more restrictive than the limitations set forth in the medical opinions of record. *See Lesanti v. Comm'r of Soc. Sec.*, 436 F. Supp. 3d 639, 649 (W.D.N.Y. 2020).

Non-examining State agency medical examiner, V. Baronos, M.D., examined the medical record on April 5, 2019. Tr. 67-70. He determined that Plaintiff had no exertional, postural, manipulative, visual, or communicative limitations. Tr. 67. He opined that Plaintiff should avoid "even moderate exposure" to noise, vibration, and hazards (machinery, heights, etc.). Tr. 68.

State agency medical consultant, C. Krist, D.O. reviewed Plaintiff's record on reconsideration. Tr. 81-84. Dr. Krist assessed the record, including Plaintiff's alleged impairment of neck injury, and determined that Plaintiff did not have any exertional, postural, manipulative, visual, or communicative limitations. Tr. 82. Dr. Krist opined that Plaintiff should avoid "even moderate exposure" to noise, vibration, and hazards (machinery, heights, etc.). *Id.*

In addition, the record contains an examination and opinion from consultative examiner, John Schwab, D.O. Tr. 591-594. Dr. Schwab opined that Plaintiff should avoid heights, ladders, and stairs. Tr. 593. He opined that Plaintiff had "a restriction to any activity that requires good hearing in both ears unless he wears his hearing aid." *Id.*

The ALJ found the opinions of Drs. Baronos, Krist, and Schwab to be "generally persuasive." Tr. 19. The ALJ adopted the limitations provided by Drs. Baronos and Krist into the RFC. The ALJ concluded that Plaintiff could not work

around hazards including unprotected heights and large moving machinery, and he cannot work around loud noises or vibration. Tr. 16. The ALJ also adopted the limitations provided by Dr. Schwab, limiting Plaintiff to no heights, or ladders. *Id.* Based on additional evidence, the ALJ concluded that Plaintiff had greater limitations than provided by the medical sources and limited Plaintiff to light work with occasional talking and hearing, and a sit/stand option. *Id.*

Overall, the ALJ found the opinions provided by the consultative sources to be "generally persuasive" and the RFC encompassed their opined limitations. Further, the ALJ provided greater limitations than provided by the consultative sources based on additional evidence in the record. Although Plaintiff asserts the ALJ's RFC was not supported by substantial evidence, Plaintiff has a duty to prove a more restrictive RFC and fails to do so. *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).

Next, Plaintiff makes the conclusory argument that "it was error for the ALJ to credit the findings of the consultative examiner over the findings of Plaintiff's treating provider." Dkt. No. 6 at 17. This argument also fails. The new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning "weight" to a medical opinion. *Elizabeth S. v. Comm'r of Soc. Sec.*, No. 1:21-CV-129, 2023 WL 2024259, at *4 (W.D.N.Y. Feb. 15, 2023); *see Andrew G. v. Comm'r of Soc. Sec.*, No. 3:19-CV-942, 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020) (same). Indeed, the regulations instruct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any

medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Thus, Plaintiff's assertion—that the ALJ committed legal error in finding the opinion of a consultative source more persuasive than a treating source—fails.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 7) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 6). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   August 2, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE